# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TASHYRA POWELL**                                                                                       **PLAINTIFF**

**v.**                              **Case No. 4:22-cv-01057 KGB**

**DANVILLE ARKANSAS JAIL**                                                              **DEFENDANT**

## ORDER

Before the Court is plaintiff Tashyra Powell's *pro se* motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. No. 1). For the following reasons, the Court grants Ms. Powell's motion to proceed IFP and dismisses without prejudice Ms. Powell's complaint (Dkt. Nos. 1–3).

### I.     IFP Application

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, the decision to grant or deny IFP status is within the sound discretion of the district court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, she must show that paying the filing fee would result in an undue financial hardship. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986). Based on Ms. Powell's IFP application, she has neither the funds nor the income to pay the filing fee (*Id.*). Therefore, the Court grants her motion to proceed IFP and permits Ms. Powell to proceed without prepayment of the filing fee (*Id.*).

### II.    Screening Ms. Powell's Complaint

While Ms. Powell is no longer incarcerated, pursuant to the PLRA, the Court must screen Ms. Powell's complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016)

(recognizing that district courts have the power to screen and dismiss complaints filed by all litigants – prisoners, and non-prisoners alike); *see also Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The Court performs its screening function by examining collectively the docket entry filed on November 1, 2022, and the docket entry filed on December 5, 2022, construing together these two entries as Ms. Powell's operative complaint (Dkt. Nos. 2–3). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that *pro se* litigants are owed liberal construction of the documents they file); *but see Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (explaining that *pro se* litigants must comply with substantive and procedural law). Furthermore, the Court construes this action as being brought pursuant to 42 U.S.C. § 1983, as Ms. Powell appears to sue the "Danville County Jail," located at "201 E 4th Street Danville Ark 72833" (Dkt. No. 2), for what she believes to be the deprivation of her rights, privileges, or immunities secured by the Constitution or laws of the United States.

Based on this Court's review, the Court could find no entity named "Danville Arkansas Jail" located at 201 East 4th Street in Danville, Arkansas. However, the Court takes judicial notice that the Yell County Juvenile Detention Center is located at the address provided by Ms. Powell and construes her complaint to be against either the Danville Arkansas Jail or the Yell County Juvenile Detention Center ("Jail"). Google Maps, 201 E 4th St, Danville, AR 72833, https://www.google.com/maps/place/201+E+4th+St,+Danville,+AR+72833/@35.0580739,-

93.3954079,17z/data=!3m1!4b1!4m5!3m4!1s0x87ccf36cb6565f77:0x1b04cbad1a23947!8m2!3d35.0580739!4d-93.3932192.[1]

In her November 1, 2022, filing, Ms. Powell explains that she filed this lawsuit against the Jail for allowing its employees to "do things to [Ms. Powell's] food" and for preventing her from "seeing a judge for about 4 months." (Dkt No. 2).  Ms. Powell also claims that Jail employees conducted "illegal science" on her head and hands.  She asks this Court "for arrest[s] to be made," seeks to have Jail employees "tell what happened to [her]," requests to see camera footage of her time at the jail, and asks for a court appointed lawyer to handle her case.  Ms. Powell also pursues damages because she "never gave them consent to get science involved."

In her December 5, 2022, filing titled "Complaint Danville Ark Johnson County DHS Judge Sullivan Hospital Feds" (Dkt. No. 3), Ms. Johnson asserts that a "Judge Sullivan" illegally terminated her parental rights to her two children.  She mentions an "[i]llegal DHS case" and reintroduces her claim about things being put in her food while in jail.

Having reviewed Ms. Powell's filings, the Court finds that this action is frivolous, as "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, the Court dismisses without prejudice this action.  Further, the Court dismisses without prejudice this action for additional reasons explained in this Order.

   A.  **The Jail As A Party**

As noted above, Ms. Powell brings this suit against the Jail and seeks damages for the "[i]llegal science" done to her head and hands (Dkt. No. 2).  Under controlling law in the Eighth Circuit, "jails are not legal entities amenable to suit." *Owens v. Scott Cnty. Jail*, 328 F.3d 1026,

---

[1] For the reasons listed in § II.B., the Court does not construe as defendants any person or entity listed in the December 5, 2022, docket entry (Dkt. No. 3).

1027 (8th Cir. 2003); *see also De La Garza v. Kandiyohi County Jail,* 18 Fed.Appx. 436, 437, 2001 WL 987542 (8th Cir.2001) (unpublished *per curiam*) (concluding that county jails are not amenable to suit).  For this additional reason, the Court dismisses without prejudice Ms. Powell's complaint (Dkt. Nos. 2–3).

### B.    Multiple Unrelated Claims

The December 5, 2022, filing introduces additional claims against additional parties dealing with Ms. Powell's parental rights to two minor children (Dkt. No.3).[2]  The Federal Rules of Civil Procedure explain that a plaintiff cannot bring claims against multiple defendants in a single lawsuit unless the claims arise out of the same transaction or occurrence.  *See* Fed. R. Civ. P. 20(a)(2) (multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions or occurrences," *and* involve "any question of law or fact common to all defendants").  Ms. Powell has made no showing as to how the state court proceedings regarding her parental rights relate to the alleged deprivation of her rights, privileges, or immunities by the Jail.

For these reasons and for those reasons explained in this Order, the Court dismisses without prejudice Ms. Powell's complaint (Dkt. Nos. 2–3).

### C.    Request For A Court-Appointed Attorney

The Court also writes separately to address Ms. Powell's request that this Court "get [her an] attorney . . . right now." (Dkt. No. 2).  This is a civil case for money damages brought by a

---

[2] The Court notes that, on November 7, 2022, United States District Court Judge James Moody dismissed another case filed by Ms. Powell, *Powell v. Arkansas et al.*, Case No. 4:22-cv-01058 JM, (E.D. Ark. 2022) ("*Powell II*").  Judge Moody dismissed *Powell II* for, among other things, Ms. Powell's failure to state a federal claim for relief.  *Powell II* delt with many of the same issues brought up in Ms. Powell's December 5, 2022, filing in this case.  Ms. Powell's December 5, 2022, filing does not correct any of the issues noted by Judge Moody in *Powell II*.

private citizen, Ms. Powell, not a criminal case brought by the government (Dkt. No. 2).  Private citizens who bring civil lawsuits for money damages do not have a constitutional or statutory right to a court-appointed attorney if they cannot afford an attorney.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (explaining that "[i]n civil cases, there is no constitutional or statutory right to appointed counsel).  For these reasons, and because the Court dismisses without prejudice Ms. Powell's complaint, the Court denies her request for an appointed attorney.

### III.     Conclusion

For these reasons, the Court dismisses without prejudice Ms. Powell's complaint and certifies that an IFP appeal taken from this Order and the accompanying judgment would not be taken in good faith.

It is so ordered this the 9th day of December, 2022.

_____
Kristine G. Baker
United States District Judge